JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-08191-RGK-AGR | Date | November 19, 2024 |
|---|---|---|---|
| Title | *Keyron Lamonte Binns et al. v. American General Life Insurance Company et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Motion to Remand [DE 14]

## I.   INTRODUCTION AND BACKGROUND

On January 5, 2024, Keyron Lamonte Binns and Sharif Ali Gentry ("Plaintiffs"), proceeding *pro se*, filed a Complaint against American General Life Insurance Company ("AGL") and several of its employees, the California Department of Insurance ("CDI"), former CDI Commissioner David Jones, and CDI employee Cynthia Urena asserting various claims arising out of Plaintiffs' dissatisfaction with the amount of a death benefit paid to them under a life insurance policy. (Compl., ECF No. 1-2.) On September 23, 2024, AGL removed the case to federal court on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.) On October 15, 2024, Plaintiffs filed an "opposition" to removal, which the Court construed as a Motion to Remand. (Mot. to Remand, ECF No. 14.)

This is the second lawsuit brought by Plaintiffs against AGL concerning the same life insurance policy. (Mot. to Remand at 2.) Plaintiffs filed the original lawsuit (hereafter "*Binns I*") in the Eastern District of California, but that court dismissed the case after AGL challenged subject matter jurisdiction by arguing Plaintiffs could not demonstrate they satisfied the amount in controversy requirement of diversity jurisdiction. (Mot. to Remand at 3; Opp'n to Mot. to Remand at 2, ECF No. 21.) This time around, Plaintiffs' Complaint is a "near-exact reproduction of the allegations from *Binns I* related to American General's handling of the insurance claim." (Opp'n to Mot. to Remand at 3 n.1.)

Plaintiffs argue the case should be remanded for lack of subject matter jurisdiction. For the following reasons, the Court agrees and **REMANDS** the case for lack of subject matter jurisdiction.

## II.   JUDICIAL STANDARD

Pursuant to 28 U.S.C. 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08191-RGK-AGR | Date | November 19, 2024 |
|---|---|---|---|
| Title | *Keyron Lamonte Binns et al. v. American General Life Insurance Company et al.* | | |

*United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). The amount in controversy requirement is "presumptively satisfied" when the complaint clearly alleges an amount in controversy greater than $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). To defeat removal in such cases, it must appear to a "legal certainty" that the amount in controversy cannot possibly exceed the jurisdictional threshold. *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996). Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

### III.   DISCUSSION

In its Notice of Removal, AGL contends the Court has diversity jurisdiction because Plaintiffs seek $1,000,000 in relation with their civil conspiracy claim[1] alone, which exceeds the $75,000 amount in controversy threshold. Plaintiffs argue that this is improper because AGL previously argued that *Binns I*, which involved nearly identical claims, involved an amount in controversy below $75,000. The Court need not address this argument, however, because in any event, AGL has failed to demonstrate that the $1,000,000 demand is a proper measure of the amount in controversy.

AGL does not appear to dispute that this case, like *Binns I*, arises out of a $1,000 life insurance policy. (*See* Opp'n to Mot. to Remand at 2, 3 n.1.) The Court is puzzled by the notion that a $1,000 life insurance policy can give rise to a $1,000,000 civil conspiracy. Indeed, it appears legally certain that the amount in controversy falls below the jurisdictional minimum, and the Court is unable to identify anything in Plaintiffs' Complaint or the Notice of Removal indicating otherwise.

Accordingly, AGL has failed to demonstrate the amount in controversy is satisfied in this case.[2]

### IV.   CONCLUSION

This case is hereby **REMANDED** for lack of subject matter jurisdiction. All pending matters on this Court's docket are vacated.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/aa |

cc: Los Angeles Superior Court, 23STCV31917

---

[1] This claim was not asserted in *Binns I*.
[2] Plaintiffs' Motion also requests that the Court impose sanctions. Sanctions are not warranted in this case.